IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ADAM STEWART, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GEICO INSURANCE, et al )<br>)<br>Defendants, | 2:18-CV-00791-MJH |

MEMORANDUM ORDER

Defendant, GEICO Insurance, has filed a Motion in Limine to preclude Plaintiff, Adam Stewart, from introducing any evidence or testimony concerning the amount of the applicable UIM limits or the premiums paid for those limits. (ECF No. 53). GEICO argues that such evidence or testimony is not relevant and/or otherwise prejudicial. *See* Fed. R. Evid. 401 and 403. Stewart contends that the premiums and limits are essential terms and consideration of the UIM contract and that these elements are necessary to prove his breach of contract claim. (ECF No. 60).

As observed in *Schmerling v. LM Gen. Ins. Co., Inc.*, 2018 WL 5848981, at *2 (E.D. Pa. Nov. 8, 2018), courts in Pennsylvania have reached differing conclusions on this issue. In *Noone v. Progressive Direct Ins. Co.*, 2013 WL 8367579, at *2 (M.D. Pa. May 28, 2013), the court concluded, without elaboration, that evidence of the underinsured motorist coverage, "even if it is merely background information, will assist the jury in completely understanding and evaluating the case" and that the evidence was "not overly prejudicial" to the defendant. *Id*. at *2. Whereas in *Lucca v. Geico Ins. Co.*, 2016 WL 3632717 (E.D. Pa. July 7, 2016), the court concluded that the underinsured motorist policy limit, which was undisputed, did not reach even

the "low bar" of being relevant, because it presented no facts for the jury to decide. *Id*. at *2–3 (noting *Noone* failed to explain how an underinsured motorist policy "would be helpful to the jury or to what disputed issue in the case the information related"). *Lucca* further stated that the same evidence "may very well serve to prejudice [defendant] by giving the jury an anchor number that has no bearing on [plaintiff's] damages." *Id*. *Schmerling* agreed with the reasoning in *Lucca* and concluded that evidence of the underinsured motorist policy is both irrelevant and unfairly prejudicial.

This Court concurs with both *Schmerling* and *Lucca*. The UIM policy limits and premiums are irrelevant to the sole issue for the jury to resolve: the extent and value of Stewart's damages. The underinsured motorist policy limit and/or the premiums do not assist the jury in making these determinations. In this UIM case, Stewart does not have the burden of establishing GEICO's contractual duties. In addition, the relevance of this evidence is substantially outweighed by the danger of unfair prejudice in that the policy limit gives the jury an "anchor number" that does not reflect the actual damages as presented at trial. *See Lucca*, 2016 WL 3632717, at *3.

Accordingly, GEICO's Motion in Limine is granted. Plaintiff is precluded from introducing any evidence or testimony concerning the amount of the applicable UIM limits or the premiums paid for those limits.

DATED: October 11, 2020     BY THE COURT:

                                                Marilyn J. Horan
                                                United States District Judge